IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01978-BNB

EVERETT BRAKEMAN, also known as
EVERETTE BRAKEMAN,

    Applicant,

v.

J. W. WANDS, Warden, FCI-Florence,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Everett Brakeman, is a prisoner in the custody of the United States Bureau of Prisons (BOP). He currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Brakeman initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). ECF No. 1 is an example of the convention the Court will use to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). The Court will use this convention throughout this order.

In the habeas corpus application, Mr. Brakeman challenges the validity of his criminal conviction and sentence in the United States District Court for New Mexico (Las Cruces) (District of New Mexico). He asserts two claims that challenge (1) the application of the Armed Career Criminal Act of 1984 to his criminal conviction and sentence, and (2) the use of an allegedly fraudulent pre-sentence report to sentence him. He requests relief as follows:

>   1. The Applicant requests an Order directed to the FBOP and the United States District Court and the United States Probation Office for the District of New Mexico to correct the Pre-Sentence Report prepared in case number CR-04-2524-RB to assess the correct number of criminal history points.
>
>   2. Vacate the Armed Career Criminal Enhancement in case number CR-04-2524-RB and re-sentence the Defendant consistent with the corrected pre-sentence report prepared in this case.

ECF No. 1 at 6.  Mr. Brakeman has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

According to www.pacer.psc.uscourts.gov, Mr. Brakeman was convicted in the District of New Mexico (Las Cruces) Criminal Action No. 04-cr-02524-RB on charges of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 924(e)(1), possession with intent to distribute less than five grams of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(c), and carrying a firearm and ammunition during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(a).  He was sentenced to 248 months of imprisonment, followed by five years of supervised release.  An amended judgment was entered on the docket on May 16, 2006.  On February 5, 2007, the United States Court of Appeals for the Tenth Circuit affirmed his conviction and sentence on direct appeal.  *See United States v. Brakeman*, No. 06-2139 (10th Cir. Feb. 5, 2007), published at 475 F.3d 1206 (10th Cir. 2007).  On May 15, 2008, he filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which the District of New Mexico denied on April 28, 2009, without an evidentiary hearing, and dismissed the action with prejudice.

On August 12, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Brakeman to

show cause in the instant action why the application should not be denied because he has an adequate and effective remedy pursuant to § 2255 in the sentencing court. On August 22, 2011, Mr. Brakeman filed a response to the order to show cause. In the response, Mr. Brakeman insists he is not challenging the validity of his criminal conviction and sentence but rather is challenging only the use of an erroneous pre-sentence report in No. 04-cr-02524-RB. He further alleges that:

> The Respondent by utilizing this erroneous PSR [(presentence report)], affects the execution of Applicant's prison sentence only to the extent that a corrected PSR would disqualify the Applicant for the Armed Career Criminal Statute and thus violates the Applicant's due process and equal protection rights as guaranteed by the 5th and 14th Amendment [sic] to the United States Constitution. The Applicant does not challenge his "guilt" or "innocense" [sic] of the charges for which he was convicted by jury.
> \* \* \*
> Consequently, the Applicant in this case is challenging information in his PSR, and the facts contained in the PSR that are incorrect and the Respondent has been and continues to utilize this erroneous information in the PSR [to] determine the rehabilitative programs, custody and security levels and security classification in the FBOP which violates the Applicant's 5th and 14th Amendment Rights to the United States Constitution.

ECF No. 9 (response to order to show cause) at 2.

On August 23, 2011, Magistrate Judge Boland ordered Respondent to file a preliminary response. On September 12, 2011, Respondents filed a preliminary response (ECF No. 14). On September 22, 2011, Mr. Brakeman submitted a reply (ECF No. 15).

The Court must construe Mr. Brakeman's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); ***Hall***

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the application will be denied.

Mr. Brakeman clearly attempts to make an end run around the gate-keeping requirements of § 2255 by characterizing his claim as a challenge to his presentence report.  Therefore, if he seeks to correct that information, he must file a motion to vacate, set aside or correct his sentence under § 2555 in the District of New Mexico, and obtain authorization to file a successive § 2255 motion.  *See Freeman v. Davis*, 414 F. App'x 163, 166 (Colo. 2011) (unpublished) (affirming district court's conclusion that prisoner's § 2241 application challenging accuracy of information in presentence report was a "a thinly-veiled collateral attack on the validity of [his] sentence," which should have been brought as a successive motion under § 2255).

"A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citation omitted).  "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined."  *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam).  A habeas corpus application pursuant to § 2241, which attacks the execution of a sentence, "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under  § 2255."  *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  "The exclusive remedy for testing the validity of a judgment and sentence,

unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." ***Johnson***, 347 F.2d at 366.  Finally, the remedy available pursuant to  § 2255 is inadequate or ineffective only in "extremely limited circumstances."  ***Caravalho v. Pugh***, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. Brakeman fails to demonstrate that the remedy available to him pursuant to § 2255 is inadequate or ineffective.  The fact that Mr. Brakeman has sought and been denied relief pursuant to § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective.  ***See Williams***, 323 F.2d at 673.  Furthermore, the fact that Mr. Brakeman likely is barred from raising his claims in a second or successive motion pursuant to § 2255, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective.  ***See Caravalho***, 177 F.3d at 1179.  Therefore, the application will be denied, and the action dismissed because Mr. Brakeman has an adequate and effective remedy pursuant to § 2255.

Furthermore, Mr. Brakeman does not have a remedy under  § 2241 for a claim challenging his custody classification.  "A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."  ***McIntosh v. United States Parole Comm'n***, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation omitted).  By contrast, a civil rights action attacks the conditions of the prisoner's confinement.  ***Id.***  Claims challenging the conditions of a federal inmate's confinement are not cognizable in a habeas corpus proceeding.  ***See Rael v. Williams***, 223 F.3d 1153, 1154 (10th Cir. 2000).  Mr. Brakeman's request that the Court order the correction of factual errors in his

presentence report and prison records in order to change his custody classification is not remediable under § 2241. **See McIntosh,** 115 F.3d at 811-12 (citing **Falcon v. United States Bureau of Prisons,** 52 F.3d 137, 138 (7th Cir.1995) (if prisoner seeks a "quantum change" in his level of custody, such as freedom, his remedy is habeas corpus; if he seeks a different program, location or environment, his challenge is to conditions rather than fact of confinement and remedy is under civil rights law) (further citations and quotations omitted)).

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed because Applicant, Everett Brakeman, has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of New Mexico (Las Cruces).

DATED at Denver, Colorado, this   22nd   day of    November   , 2011.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court